[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2007
THOMAS K. KAHN
CLERK

No. 07-12752
Non-Argument Calendar

_____

D. C. Docket No. 06-00339-CV-H-S

GREGORY HAYES,

Plaintiff-Appellant,

versus

THE HARTFORD LIFE INSURANCE COMPANY,
d.b.a. Benefit Management Services,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 15, 2007)**

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Gregory Hayes ("Hayes"), appeals from the district court's grant of summary judgment in favor of The Hartford Life Insurance Company ("Hartford"). We review the district court's rulings on motion for summary judgment de novo, applying the same legal standards that governed the district court. *Williams v. BellSouth Telecomms. Inc.*, 373 F.3d 1132, 1134 (11th Cir. 2004).

This is an ERISA case. Hartford, the insurer and plan administrator, denied Hayes long-term disability benefits because Hartford concluded that Hayes was capable of working in a "light to sedentary range" occupation. The district court found, and the parties agree, that the framework for reviewing Hartford's decision is the heightened arbitrary and capricious standard. *Williams*, 373 F.3d at 1137-38. The first prong of this standard is to conduct de novo review "to determine whether the claim administrator's benefits-denial decision is 'wrong' ( *i.e.,* the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision." *Id.* at 1138 (footnote omitted).

Here, we do not proceed past the first prong. Hayes, who was a commercially-licensed truck driver for ten years, concedes that he has the physical ability to perform sedentary to light occupations, but only contends that he does not have the intellectual ability for *any* occupation within the sedentary to light

2

occupation range.  Hartford produced evidence that Hayes had the education, training, or experience to perform various occupations within the sedentary to light occupational range, such as a loading inspector, truck safety inspector, or perishable-freight inspector.  Upon a thorough consideration of the record, we agree with the district court; the evidence indicates that Hayes has the intellectual capacity to perform work in the sedentary to light occupational range.

Accordingly, we affirm.

**AFFIRMED.**